# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
\* \* \*

| | |
|---|---|
| R. ALEXANDER ACOSTA<br>*Secretary of Labor, United States Department of Labor*<br><br>Plaintiff(s),<br><br>v.<br><br>KIZZANG LLC; ROBERT ALEXANDER; KIZZANG LLC HEALTH PLAN<br><br>Defendant(s). | Case No. 2:18-cv-01559-RFB-BNW<br><br>**ORDER** |

## I. INTRODUCTION

Before the Court is Plaintiff R. Alexander Acosta's ("the Secretary") Motion for Default Judgment. ECF No. 16. For the following reasons, the Court grants the motion.

## II. PROCEDURAL BACKGROUND

The Secretary filed its complaint against Defendants on October 10, 2018 for violations of the Employment Retirement Income Security Act ("ERISA") (29 U.S.C. §§1001-1191c). ECF No. 1. The Secretary filed an amended complaint on October 10, 2018. ECF No. 3. Defendants Kizzang LLC and Robert Alexander were both served on October 18, 2018. ECF No. 8. The Secretary moved for entry of clerk's default on November 30, 2018, and the Clerk entered default on December 3, 2018. ECF No. 10. The Secretary moved for default judgment on June 24, 2019. ECF No. 16. This written order now follows.

## III. FACTUAL ALLEGATIONS

The Secretary alleges as follows in the first amended complaint and motion for default judgment: Defendant Kizzang LLC ("Kizzang") was an online website for games and sweepstakes headquartered in Las Vegas that ceased operating in 2017. Kizzang established the Kizzang LLC

Health Plan (the "Plan") around 2013 and served as the Plan Administrator. Defendant Robert Alexander was the president and majority owner of Kizzang and a resident of Las Vegas, Nevada. The Plan was a fully insured health and welfare plan that was established by Kizzang around March 2013. The Plan offered its employees medical, dental, and vision coverage. The Plan was funded by salary reduction contributions by employees and by employer contributions. Kizzang covered 100% of the premium for the lower-level medical policy. However, if a participant enrolled a dependent or decided to enroll in the higher-level medical policy, it was the participant's responsibility to pay the additional premium cost through payroll deductions.

Kizzang served as Plan Administrator and was responsible for collecting and forwarding employee contributions withheld from participants' paychecks to the Plan and for satisfying the notice, disclosure, and other obligations placed on administrators by ERISA. Defendant Alexander was an authorized signatory to the Kizzang's bank account with the authority to transfer funds to and from this action. Kizzang and Defendant Alexander failed to forward withheld employee contributions to the Plan and to collect the employer contributions owed to the plan. Instead of remitting these withheld employee contributions to the Plan, Defendants retained and commingled these Plan assets with the Kizzang's general banking accounts so these amounts could be used for non-Plan purposes. Defendants also failed to warn participants that their medical insurance was subject to retroactive cancellation because the fiduciaries failed to pay the required premiums or could not guarantee that future payments would be paid. Records from Anthem, the Plan's insurer, indicate that the amounts of employees' claims that were not paid because the medical service was provided after coverage had been terminated due to nonpayment of premiums by Defendants was $83,389.07. Another $16,417.98 was deducted from the paychecks of covered employees and not forwarded to the Plan.

The Secretary now brings claims for violations of 29 U.S.C. §1103(c)(1); 29 U.S.C. § 1104(a)(1)(A); 29 U.S.C. § 1104(a)(1)(B); 29 U.S.C. § 1106(a)(1)(B); 29 U.S.C. § 1106(a)(1)(D); and 29 U.S.C. § 1106(b)(1) and (b)(2).

### IV. LEGAL STANDARD

The granting of a default judgment is a two-step process directed by Rule 55 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 55; Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir. 1986). The first step is an entry of clerk's default based on a showing, by affidavit or otherwise, that the party against whom the judgment is sought "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). The second step is default judgment under Rule 55(b), a decision which lies within the discretion of the Court. Fed. R. Civ. P. 55(b); Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980).

Factors which a court, in its discretion, may consider in deciding whether to grant a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of the substantive claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of a dispute of material fact, (6) whether the default was due to excusable neglect, and (7) the Federal Rules' strong policy in favor of deciding cases on the merits. Eitel, 782 F.2d at 1471–72.

If an entry of default is made, the Court accepts all well-pleaded factual allegations in the complaint as true; however, conclusions of law and allegations of fact that are not well-pleaded will not be deemed admitted by the defaulted party. DirecTV, Inc. v. Hoa Huynh, 503 F.3d 847, 854 (9th Cir. 2007). Additionally, the Court does not accept factual allegations relating to the amount of damages as true. Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir. 1977). Default establishes a party's liability, but not the amount of damages claimed in the pleading. Id.

## V. DISCUSSION

The Court finds that the granting of default judgment against Defendants Kizzang and Alexander is warranted. The Court finds that the Secretary would be prejudiced by its inability to carry out its enforcement of ERISA if it is not allowed to obtain default judgment against defendants. The Court also finds that the Secretary has well-pleaded factual allegations that support a finding that Defendants committed multiple ERISA violations. Defendants failure to appear in this action, while understandable on the part of Kizzang as it is no longer an extant company, does not appear to be excusable on the part of Defendant Alexander, who was served in 2018 and has yet to appear in the action. The Court further finds it unlikely that there will be a dispute of material facts, as evidence concerning the payments that were not properly forwarded came from Defendant Kizzang's own internal files. While both the Federal Rules' policy in favor of deciding cases on the merits and the amount of money at stake ($99,807.05) caution against the granting of default judgment, the Court does not find that either factor so heavily weighs against entry of default judgment in this instance. See Employee Painters' Tr. v. Ethan Enters., Inc., 480 F.3d 993 (9th Cir. 2007) (upholding entry of $1,030,344.95 default judgment against corporate employer for delinquent contributions under ERISA).

## VI. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendants Kizzang and Alexander are jointly and severally liable for **$99,807.05** and judgment is hereby entered against them in that amount ("Judgment Amount"). The Judgment Amount is comprised of: (a) $16,417.98 in Plan losses in the form of outstanding employee contributions not forwarded to the Plan; and (b) $83,389.07 in Plan participants' uncovered medical claims resulting from their loss of health insurance coverage because the Plan fiduciaries failed to pay insurance premiums.

**IT IS FURTHER ORDERED** that Kizzang LLC is hereby removed as Administrator of the Plan and Defendant Robert Alexander is removed as a fiduciary of the Plan.

**IT IS FURTHER ORDERED** that Defendant Robert Alexander shall make payment of the judgment directly to the Plan participants within 90 days of Entry of this Default Judgment. Defendant Alexander will contact the San Francisco Office of EBSA for a summary of the portion of the Judgment amount due and owing to each Plan participant. The San Francisco Office of EBSA can be contacted at:

Employee Benefits Security Administration
United States Department of Labor
90 7th Street, Suite 11-300
San Francisco, CA 94103-6712
(415) 625-7822

**IT IS FURTHER ORDERED** that Defendants Kizzang LLC and Robert Alexander are permanently enjoined and restrained from violating the provisions of Title I of ERISA, 29 U.S.C. §§ 1001- 1191c.

**IT IS FURTHER ORDERED** that except with respect to ensuring payments are made to the appropriate participants of the Plan Robert Alexander is hereby permanently enjoined and restrained from future service as a fiduciary of, or service provider to, any ERISA covered employee benefit plan.

This Court retains jurisdiction of this action for purposes of enforcing compliance with the terms of this Order.

The Clerk of the Court is instructed to close the case.

DATED April 10, 2020.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**